JOSEPH R. CORIATY (SBN 291682)
  jcoriaty@goldbergsegalla.com
GOLDBERG SEGALLA LLP
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017-5818
**Mailing Address:**
P.O. Box 17220
Los Angeles, CA 90017
Telephone:   213-415-7200
Facsimile:    213-415-7299

Attorneys for Defendants SUNBEAM PRODUCTS, INC., and NEWELL BRANDS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE OFFICE

| | |
|---|---|
| KELLY TATUM,<br><br>Plaintiff(s),<br><br>v.<br><br>SUNBEAM PRODUCTS, INC., a Delaware corporation;, NEWELL BRANDS, INC., a Delaware corporation, BED BATH & BEYOND, INC., a New York corporation; and DOES 1-25<br><br>Defendant(s). | Case No. Removed from Santa Clara Superior Court, Case No. 22CV395992<br><br>**DEFENDANTS SUNBEAM PRODUCTS, INC.'S AND NEWELL BRANDS, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**<br><br>(Filed concurrently with Declaration of Joseph R. Coriaty; Defendants' Corporate Disclosure Statements; Civil Case Cover Sheet)<br><br>Complaint Filed:  3/17/2022<br>Trial Date:   N/A |

PLEASE TAKE NOTICE that Defendants, SUNBEAM PRODUCTS, INC., (hereinafter "Sunbeam,") and NEWELL BRANDS, INC. ("hereinafter "Newell"), hereby remove the above-captioned action from the Superior Court of the State of California, Santa Clara County, where it is currently pending as Case No.

22CV395992, to the United States District Court for the Northern District of California – San Jose Division.

**Grounds For Removal**

This is a civil action over which this Court has subject matter jurisdiction under 28 U.S.C. §1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"  Here, Plaintiff and Defendants Sunbeam, Newell, and BED BATH & BEYOND, INC. (hereinafter "BB&B") are each citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Removal is warranted under 28 U.S.C. §1441(b) because this is a civil action over which this Court has subject matter jurisdiction under 28 U.S.C. §1332, on the grounds that complete diversity exists between the parties and the amount in controversy exceeds the sum of $75,000.

**Background**

On or about March 17, 2022, Plaintiff, KELLY TATUM (hereinafter "Plaintiff") commenced an action in the Superior Court of the State of California in the County of Santa Clara, entitled *Kelly Tatum v. Sunbeam, Inc.; Newell Brands, Inc.; Bed Bath & Beyond, Inc., and Does 1 to 25; Case No. 22CV395992.*) Plaintiff's complaint asserts causes of action for Strict Products Liability, Negligence and Breach of Warranty against Sunbeam, Newell and BB&B.

On or about April 19, 2022, Defendants Sunbeam, Newell and BB&B, all corporate entities, were served with Plaintiff's Complaint. (Coriaty Decl., ¶ 2.)

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants Sunbeam and Newell are attached as **Exhibit A** to the Declaration of Joseph R. Coriaty in support of Defendants' Notice of Removal of Civil Action ("Coriaty Decl."), submitted herewith.  Prior to the filing

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA 90017

of the Notice of Removal for Defendants Sunbeam and Newell, Defendants' counsel reviewed the Santa Clara County Superior Court's online docket regarding the above-captioned action. Based on that review, and to the best of Defendants' counsel's knowledge, the foregoing Complaint, the pleadings, and documents attached to the Coriaty Declaration as Exhibit A constitute all of the process, pleadings, orders, and other documents received by Defendants Sunbeam and Newell and/or filed in the state court action in Santa Clara County Superior Court. (Coriaty Decl., ¶¶ 2-3.) Defendants Sunbeam and Newell have no reason to believe a related case exists. (Coriaty Decl., ¶ 8.)

### **Jurisdiction**

This matter is properly subject to federal jurisdiction due to the fact that there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

#### Diversity of Citizenship

Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004). Defendants Sunbeam and Newell properly may remove the Complaint on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties.

For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Plaintiff is domiciled in Santa Clara County in the State of California and, therefore, was a citizen of California within the meaning 28 U.S.C. § 1332(a). (*See* Coriaty Decl., Ex. A (Complaint, ¶ 11).) Defendant Sunbeam, a corporate entity, is a Delaware

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA 90017

1 Corporation with its principal place of business at 2381 Executive Center Drive, Boca Raton, Florida 33431, and is therefore a citizen of the States of Delaware and Florida for purposes of determining diversity.  Defendant Newell, a corporate entity, is a Delaware Corporation with its principal place of business at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328, and is therefore a citizen of the States of Delaware and Georgia for purposes of determining diversity.  Defendant BB&B, a corporate entity, is a New York Corporation with its principal place of business at 650 Liberty Avenue, Union, New Jersey 07083, and is therefore a citizen of the States of New York and New Jersey for purposes of determining diversity. The Corporate Disclosure Statement for Defendants Sunbeam and Newell have been filed concurrently herewith and a copy of BB&B's Entity Information for the New York Department of State, Division of Corporations, the state where BB&B is incorporated, is attached as **Exhibit B** to Mr. Coriaty's Declaration submitted herewith. (Coriaty Decl., ¶ 5.)

The defendants identified as Does 1 through 25 in the Complaint are fictitious parties against whom no cause of action can be validly alleged.  To the best of all Defendants' knowledge, no fictitiously designated defendant has been served with process, and these fictitious parties may be ignored for purposes of determining removal. (Coriaty Decl., ¶ 4.)  28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded."); *see also Newcombe v. Adolf Coors Co.*, 157 F.2d 686, 690-91 (9th Cir 1988).

Pursuant to 28 U.S.C. §1332(c)(l) full diversity exists among the parties in this action because all Defendants are incorporated and maintain their principal places of business in different states than where Plaintiff is a citizen.

Amount in Controversy

This Action also meets the amount in controversy requirement for removal based on diversity jurisdiction. 28 U.S.C. § 1332(a) authorizes the removal of cases

-4-

in which there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. In determining whether the amount in controversy exceeds $75,000.00, the Court must presume Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 401 (9th Cir. 2010). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019)* (citing *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation "whatever the likelihood that [the plaintiff] will actually recover them")). The amount in controversy may include general and special compensatory damages and attorneys' fees recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

Without admitting Plaintiff is entitled to recover any damages whatsoever or that Defendants are liable to Plaintiff in any way, based the allegations in the Complaint and the reasonable assumptions to be drawn from those allegations, the amount in controversy with respect to Plaintiff's individual claims exceeds $75,000, the jurisdictional requirement of this Court. Plaintiff's Complaint evidences that the amount in controversy exceeds $75,000 by alleging Plaintiff "suffered significant injuries to Plaintiff's right hand and fingers," that "necessitated medical care and treatment;" Plaintiff was caused "serious injuries;" Plaintiff "suffered debilitating

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA 90017

injury to her right hand and finger;" Plaintiff has "suffered from past, and will suffer from future, general damages including but not limited to, physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, discomfort, inconvenience, anxiety, diminished capacity to perform activities of daily life, and emotional distress;" and Plaintiff has and will "in the future incur special damages, including but not limited to, medical expenses, loss of earnings, and other pecuniary damages." Additionally, Plaintiff prays for costs and other relief. Defendants do not currently have access to any of Plaintiff's medical or employment records nor her medical billing.

**Venue**

Venue of this action lies in the United States District Court for the Northern District of California – San Jose Division pursuant to 28 U.S.C. §§ 1441 et seq. and 1391(a) because it is the district and division embracing the state court where this action was filed and is pending. Plaintiff alleges (a) the acts giving rise to the incident occurred in the County of Santa Clara, and (b) all named Defendants are registered to do business in California. (*See* Coriaty Decl., Ex. A (Complaint, ¶ 5-6 and ¶ 11).)

**Divisional Assignment**

Pursuant to Civil L.R.3-2(c) and (e), the divisional assignment of the San Jose Division is proper due to the fact that the action arose in Santa Clara County.

**Removal Filed Timely**

This Notice of Removal was filed within thirty days of service of the Complaint, which was completed on April 19, 2022. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of the complaint through some other means). This Notice of Removal is therefore filed timely within the time period provided by 28 U.S.C. § 1446(b).

/ / /

DEFENDANTS SUNBEAM PRODUCTS, INC.'S AND NEWELL BRANDS, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

33430204.v1

Consent of Other Defendants to Joinder of Removal

Despite making diligent efforts to contact Defendant BB&B, including directing communications to General Counsel for BB&B and to counsel of record for BB&B in a recent prior matter in order to obtain consent to joinder of removal, this office has been unable to make contact with BB&B to obtain consent for joinder of removal. (Coriaty Decl., ¶ 7.) When fewer than all defendants have joined the notice of removal, it is the moving defendant's burden to explain the absence of the other defendants, such as BB&B here. *See Prize Fize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (Absent such explanation, removal notice is "facially deficient" and the defect must be cured within 30 days to avoid remand). The removing defendant may cure the defect by obtaining joinder of other defendants prior to entry of judgment. *Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011). Delay in filing joinder or consent to removal has been treated as a nonjurisdictional defect, and removal has been upheld where the opposing party was not prejudiced by delay. *Hernandez v. Six Flags Magic Mountian, Inc.*, 688 F.Supp. 560, 562-563 (CD CA 1988).

Based on prior similar dealings with BB&B, this office has reason to believe that BB&B will, in fact, consent to removal in this matter and/or that BB&B will tender the matter to Defendant(s) Sunbeam and/or Newell, in which case, BB&B will consent to removal. Upon proof of appearance by BB&B, or at the earliest time practicable, this office will be able to confirm the identity of counsel for BB&B and endeavor to obtain consent to remove forthwith. (Coriaty Decl., ¶ 7.) In view of the facts that Plaintiff just recently filed this action, has not propounded any discovery to date, and will not be caused to miss any litigation-based deadlines in the short time it would take to obtain consent from BB&B to joinder of removal, Plaintiff will not be prejudiced by the short delay.

/ / /

/ / /

**Notice to Adverse Parties and State Court**

Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Parties and Superior Court of Removal to Federal Court together with this Notice of Removal, is being served upon counsel for Plaintiff and will be filed with the Clerk of the Superior Court of the State of California, County of Santa Clara. A copy of the Notice to Adverse Parties and Superior Court of Removal to Federal Court is attached as **Exhibit C** to Mr. Coriaty's Declaration submitted herewith.

**Conclusion**

Based on the foregoing, this Court has jurisdiction over this action. No previous application has been made for the relief requested herein. Accordingly, this action is properly removed.

WHEREFORE, Defendant files this Notice of Removal so that the entire action entitled *Kelly Tatum v. Sunbeam, Inc.; Newell Brands, Inc.; Bed Bath & Beyond, Inc., and Does 1 to 25; Case No. 22CV395992*, now pending in the Superior Court of California, Santa Clara County, shall be removed to this Court for all further proceedings.

Dated: May 19, 2022

GOLDBERG SEGALLA LLP

*/s/ Joseph R. Coriaty*

By: JOSEPH R. CORIATY
Attorneys for Defendants
SUNBEAM PRODUCTS, INC., and
NEWELL BRANDS, INC.

CASE NO.: 22CV395992

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 777 S. Figueroa Street, Suite 2000, Los Angeles, CA 90017.

On May 19, 2022, I served the following document(s) described as **DEFENDANTS SUNBEAM PRODUCTS, INC. AND NEWELL BRANDS, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ X ]   **By E-Service**: I electronically served the above document(s) via ECF/PACER on all parties opting for e-service and is available for viewing and downloading from the Court's CM/ECF system

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 19, 2022, at Los Angeles, California.

Yvonne Flores
Yvonne Flores

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA 90017
213-415-7200

1
DEFENDANTS SUNBEAM PRODUCTS, INC. AND NEWELL BRANDS, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441;
33431290.v1

**SERVICE LIST**
*Kelly Tatum v. Sunbeam Products, Inc.*
Case No. 22CV395992

| | |
|---|---|
| Seth E. Workman, Esq.<br>*Hinman Law Group, P.C.*<br>2201 North Lakewood Blvd, Suite D1863<br>Long Beach, CA  90815<br>Telephone: (562) 269-4713<br>Facsimile: )562) 362-6512<br>seth@hinmanlawgroup.com | ***Attorneys for Plaintiff*<br>KELLY TATUM** |
| Joseph Pourshalimy, Esq.<br>Laura M. Ames, Esq.<br>*Law Offices of Joseph Pourshalimy*<br>1429 Westwood Boulevard<br>Los Angeles, CA  90024<br>Telephone: (800) 442-0996<br>Facsimile: (310) 878-2042<br>joe@pourshalimy.com<br>laura@lojp.net | ***Attorneys fro Plaintiff*<br>KELLY TATUM** |

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200