# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* SUNBEAM PRODUCTS, INC., a Delaware corporation; NEWELL BRANDS, INC., a Delaware corporation; BED BATH & BEYOND, INC., a New York corporation; and DOES 1-25; **YOU ARE BEING SUED BY PLAINTIFF:** *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* KELLY TATUM | *FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)* E-FILED 3/17/2022 8:55 PM Clerk of Court Superior Court of CA, County of Santa Clara 22CV395992 Reviewed By: P. Newton Envelope: 8539503 |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT COUNTY OF SANTA CLARA DOWNTOWN SUPERIOR COURT, 191 N. First Street, San Jose, CA 95113 | CASE NUMBER: *(Número del Caso):* 22CV395992 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Seth Workman, HINMAN LAW GROUP, 2201 N. Lakewood Blvd., Suite D1863, Long Beach, CA 90815; (562) 269-4713

| DATE: *(Fecha)* 3/17/2022 8:55 PM | Clerk of Court | Clerk, by *(Secretario)* P. Newton | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |
|---|---|---|

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | |
|---|---|
| Seth E. Workman (SBN 289213)<br>HINMAN LAW GROUP<br>2201 N. Lakewood Blvd., Suite D1863<br>Long Beach, CA 90802 | **Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 3/17/2022 8:55 PM** |
| TELEPHONE NO.: (562) 269-4713   FAX NO.: (562) 362-6512 | **Reviewed By: P. Newton** |
| ATTORNEY FOR *(Name):* Plaintiff, KELLY TATUM | **Case #22CV395992** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA | **Envelope: 8539503** |
| STREET ADDRESS: 191 N. First Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Jose, CA 95113 | |
| BRANCH NAME: Downtown Superior Court | |

CASE NAME:
Tatum v. Sunbeam Products, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:  22CV395992 |
|---|---|---|---|---|
| ✔ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter** ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ✔ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ✔ punitive
4. Number of causes of action *(specify):*  (1) Strict Products Liability; (2) Negligence; (3) Breach of Warranty
5. This case ☐ is ✔ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 17, 2022

Seth E. Workman                                                                        ▶  [signature]
_____                    _____
(TYPE OR PRINT NAME)                                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

E-FILED
3/17/2022 8:55 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV395992
Reviewed By: P. Newton

1  LAW OFFICES OF JOSEPH POURSHALIMY, PC
   JOSEPH POURSHALIMY, State Bar No. 266164
2  joe@pourshalimy.com
   LAURA M. AMES, State Bar No. 298960
3  laura@lojp.net
   1429 Westwood Boulevard
4  Los Angeles, CA 90024
   Telephone:    (800) 442-0996
5  Facsimile:    (310) 878-2042

6  HINMAN LAW GROUP, P.C.
   JOHN S. HINMAN, State Bar No. 265581
7  john@hinmanlawgroup.com
   SETH E. WORKMAN, State Bar No. 289213
8  seth@hinmanlawgroup.com
   2201 N. Lakewood Blvd., Suite D1863
9  Long Beach, California 90815
   Telephone:    (562) 269-4713
10 Facsimile:    (562) 362-6512

11 Attorneys for Plaintiff, KELLY TATUM

12

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14          **COUNTY OF SANTA CLARA – DOWNTOWN SUPERIOR COURT**

15

16 KELLY TATUM                           | **Case No.:**  22CV395992

17              Plaintiff,

18      v.                               | **COMPLAINT FOR DAMAGES**
                                          |   1. **STRICT PRODUCTS LIABILITY**
19 SUNBEAM PRODUCTS, INC., a Delaware    |   2. **NEGLIGENCE**
   corporation; NEWELL BRANDS, INC., a   |   3. **BREACH OF WARRANTY**
20 Delaware corporation; BED BATH &      |
   BEYOND, INC., a New York corporation; and | **DEMAND FOR JURY TRIAL**
21 BEYOND, INC., a New York corporation; and
   DOES 1-25;
22

23              Defendant(s).

24

25      COMES NOW Plaintiff, KELLY TATUM and alleges as follows:

26                              **PARTIES**

27      1.      Plaintiff, KELLY TATUM (hereinafter "TATUM"), is an adult who, and at all times

28 relevant to this action was, a resident of the County of Santa Clara, State of California.

                                    1
                          COMPLAINT FOR DAMAGES

*(sidebar)* HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713  Fax: 562.362.6512

2.    Defendant, SUNBEAM PRODUCTS, INC. (hereinafter "SUNBEAM"), is and at all relevant times was, an entity incorporated in the State of Delaware, with its principal place of business in Florida, and registered to do business in the State of California.

3.    Defendant, NEWELL BRANDS, INC. (hereinafter "NEWELL"), is and at all relevant times was, an entity incorporated in the State of Delaware, with its principal place of business in Georgia, and registered to do business in the State of California, and was and is the parent corporation of SUNBEAM.

4.    Defendants, SUNBEAM and NEWELL, either directly or through their subsidiaries, held themselves out as companies experienced and capable in the design, manufacture, fabrication, assembly and distribution of electric blenders, including the Oster Master Series Blender, which are marketed for use in the home by consumers in California and throughout the world.

5.    Defendant, BED BATH & BEYOND, INC. (hereinafter "BB&B"), is and at all relevant times was, an entity incorporated in the State of New York, with its principal place of business in New Jersey, and registered to do business in the State of California, and took part in the distribution, sale, and marketing of the Oster Master Series Blender which forms the basis of this action.

6.    The true names, identities, or capacities, whether individual, associate, corporate, or otherwise of Defendants, DOES 1-25, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  When the true names, identities, or capacities of such fictitiously designated Defendants are ascertained, Plaintiff will seek leave of the Court to assert the true names, identities, and capacities in the place of the fictitious names.

7.    Plaintiff is informed, believes and alleges, that each of the Defendants designated herein as DOE is responsible, in some manner, for the events and happenings herein referred to, thereby proximately causing the injuries and damages to Plaintiff as hereinafter alleged.

8.    At all times mentioned herein, Defendants and each of them, were the agents, servants, employees, employers, joint venturers, contractors, contractees, partners, division owners, and/or subsidiaries of each other and of their Co-Defendants, and were acting within the course and scope of their agency, servitude, employment, joint venture, contract, ownership, and/or subsidiary.

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

2

1  Each Defendant, including DOES 1-25, inclusive, consented, influenced, ratified, permitted,

2  encouraged, directed, and/or approved the acts of each other Defendant sued herein. Moreover,

3  Defendants and each of them, are jointly and severally liable for the wrongful conduct alleged in

4  this matter.

5  9.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant to

6  the Complaint, each Defendant, including Defendants designated as DOES 1-25, inclusive, was

7  completely dominated and controlled by his/her/its Co-Defendants and was the alter ego and/or alias

8  of the other as to all events relevant to the Complaint.

9  10.    At all times mentioned herein, Defendants and each of them, received a direct

10  financial benefit from its activities and from the sale of the product at issue in this matter,

11  Defendants' role was integral to its business enterprise (i.e., Defendants' conduct was a necessary

12  factor in bringing the product to the initial consumer market), and Defendants had control over, or

13  a substantial ability to influence, the manufacturing or distribution process.    Accordingly,

14  Defendants and each of them, were an integral part of the overall producing and marketing

15  enterprise, and should bear the costs of injuries arising from the defective product at issue.

16  **VENUE**

17  11.    Venue is proper in the Superior Court of the State of California – County of

18  Santa Clara as the acts giving rise to the Complaint occurred in the City of Cupertino in the County

19  of Santa Clara and of which Plaintiff is a resident.

20  **FACTUAL ALLEGATIONS**

21  12.    On January 25, 2020, Plaintiff purchased an Oster Duralast Master blender

22  (hereinafter "Blender") from Defendant, BB&B, store number 1121 in Campbell, California.

23  Plaintiff subsequently took possession of the Blender for personal use in her residence.

24  13.    On April 28, 2020, Plaintiff was using the Blender for its intended purpose, to make

25  a smoothie. Consistent with the Blender's owner's manual, Plaintiff ensured that the jar and blade

26  assembly were properly secured into the Blender base unit and placed the lid on the jar. Plaintiff

27  also placed her left hand on top of the jar with lid to further secure the jar to the Blender base unit

28  and turned the Blender on. As the Blender base unit motor was engaged, the jar became dislodged

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

3

from the Blender base unit and Plaintiff's right hand went down onto the Blender base unit in direct contact with the metal post ("coupler shaft") extending out of the Blender base unit that is responsible for spinning the blades within the Blender jar.

14.    At the time that the Blender jar became dislodged from the Blender base unit, the base unit motor continued to operate causing the coupler shaft to continue spinning at a high rate of speed, which caused significant injuries to Plaintiff's right hand and fingers.

15.    In summary, the Blender's coupler shaft is exposed when the Blender jar is removed and can rotate at a high rate of speed without the Blender jar being secured to the Blender.  This presents a safety hazard, as users of the Blender may have direct contact with the rotating coupler shaft.  The Blender is not equipped with safeguards that prevent the coupler shaft from rotating at a high rate of speed when it is not attached to and engaging the blades with the Blender jar secured to the Blender base.  Other blender manufacturers have implemented mechanisms that require the blender jar to be secured in a locked position before power is supplied to the motor rotating the coupler shaft and blades.  Had this safety feature been implemented in the design of the Blender, and/or appropriate warnings provided, Plaintiff would not have been injured by the Blender.

### FIRST CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY

### (By Plaintiff, Against All Defendants)

16.    Paragraphs 1-15, inclusive of this Complaint are incorporated herein as though fully set forth herein.

### Manufacturing Defect

17.    Based on information and belief, the Blender contained a manufacturing defect. Defendants manufactured, distributed, and sold the Blender in California.  The product contained a manufacturing defect when it left the Defendants' possession.  The product caused harm to Plaintiff as a result of the manufacturing defect by injuring Plaintiff's right hand as set forth above and thereby necessitated medical care and treatment.  Plaintiff claims that the products manufacturing defect was a substantial factor, and the only factor, in causing Plaintiff's harm as stated herein.

///

///

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713    Fax: 562.362.6512

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713    Fax: 562.362.6512

### Design Defect

#### A.    Consumer Expectation Test

18.    The product's design was defective because the product did not perform as safely as an ordinary consumer would have expected it to perform. Specifically, Plaintiff, who was an ordinary consumer, formed a reasonable minimum safety expectation that the Blender manufactured, produced, and/or distributed by Defendants would not cause injury as a result of contact with the coupler shaft when being used as intended, and require medical treatment.

19.    Plaintiff further alleges that Defendants manufactured, distributed, and sold the defective product within California. Plaintiff alleges that the product did not perform as safely as an ordinary consumer would have expected it to perform when used in the manner intended by the manufacturer. Plaintiff was harmed by the defective design of the product when caused her serious injury due to its coupler shaft operating at a high speed when exposed. The product's failure to perform safely was a substantial factor, and the only factor, in causing Plaintiff's harm as stated herein.

20.    At all times mentioned herein, Defendants and each of them, manufactured, distributed, and/or sold the Blender in a defective condition, Plaintiff used the Blender in the manner intended, and Plaintiff was injured as a result of a defect in the design of the Blender; including but not limited to, lack of a safety feature to prevent the Blander base unit motor from running, and thus spinning the coupler shaft at a high rate of speed, when the Blender jar is not fully seated into the Blender base unit. Moreover, the Blender reached Plaintiff, and was used by Plaintiff at the time of her injury, without substantial change in its condition. Plaintiff was injured as a direct result of the defect, of which Plaintiff was not aware, making the Blender unsafe for its intended use.

21.    Upon information and belief, the type of safety feature discussed herein, and missing from the Blender, are commonly used in other blenders and similar products. The implementation of such safety features significantly reduces the risk of harm to persons such Plaintiff when using devices with external rotating pieces, and if installed on this Blender, would have prevented Plaintiff from being injured in the manner that she was.

///

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

**B.      Risk- Benefit Test**

22.      The product's design caused harm to Plaintiff. Plaintiff alleges that Defendants manufactured, distributed, and sold the subject product in California. Plaintiff was harmed by the product as a result of its design permitting the coupler shaft to spin at a high rate of speed when the Blender jar is not attached.  Plaintiff alleges that the products design was a substantial factor, and the only factor, in causing his harm as stated herein.

23.      Plaintiff further alleges that the risk of injury resulting from direct contact with the spinning coupler shaft significantly outweighed any benefit of allowing the coupler shaft to spin while the Blender jar is not secured.

**Failure to Warn**

24.      Based on information and belief, the Blender lacked sufficient warning of its potential risk of injury from direct contact with the spinning coupler shaft when the Blender jar is not secured.  Plaintiff alleges that the Blender had a potential risk of injury as a result of direct contact with the spinning coupler shaft that was known and/or knowable by the use of scientific knowledge available at the time of the manufacture, distribution, and/or sale.  Plaintiff further alleges that the potential risk of injury resulting from direct contact with the spinning coupler shaft presented a substantial danger to users of the Blender and that ordinary consumers could not have recognized that risk and danger.  Plaintiff further alleges that Defendants failed to adequately warn of the potential risk of the coupler shaft spinning without the Blender jar secured to the Blender base.  Furthermore, as Plaintiff was using the Blender in a way that was reasonably foreseeable to Defendants, Plaintiff was harmed and the lack of sufficient warning was a substantial factor in causing Plaintiff's harm.

25.      At all times mentioned herein, Defendants and each of them, knew or should have known of the dangerous nature of the Blender and failed to provide adequate warning of the dangerous condition.  There are no warnings on the Blender, Blender accessories, or in the owners' manual informing users such as Plaintiff that the Blender motor will continue to run and the coupler shaft will spin at a high rate of speed without the Blender jar connected.

///

6

26. As a direct, proximate, and legal result of product defect as described herein, Plaintiff suffered debilitating injury to her right hand and fingers as a result of direct contact with the coupler shaft that was spinning at a high rate of speed without the Blender jar secured to the Blender base. As a result, Plaintiff has suffered from past, and will suffer from future, general damages including but not limited to, physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, discomfort, inconvenience, anxiety, diminished capacity to perform activities of daily life, and emotional distress, all in an amount to be proven at trial.

27. As a further direct, proximate, and legal result of the defect described herein, Plaintiff has and will in the future incur special damages, including but not limited to, medical expenses, loss of earnings, and other pecuniary damages in an amount to be ascertained at the time of trial.

28. Further, all Defendants, and each of them, acted with malice, fraud and/or oppression in allowing the Blender to continue to be manufactured, marketed, and distributed as of January 25, 2020, in a known dangerous condition. In particular, manufacturers of blenders similar to the Blender, in size, cost, and intended use, were, as of January 25, 2020, were including safety features into their blenders that prohibit the movement of any external parts that can cause injury, unless the blender jar/cup is secured to the blender base, and thus, no risk of direct contact with the external rotating parts. This safety feature has been added to blenders as a result of the known risk of injury from contact with moving external parts. However, these Defendants failed to take responsibility and issue voluntary recalls that would have prevented the Blender from being sold to Plaintiff and other similarly situated persons.

29. Thus, these Defendants and their principals and managing agents had actual knowledge of the substantial danger of their products and failed to take any measures to ensure that their products did not unnecessarily cause injury to additional persons, placing their potential profits over the safety and interests of the public. The Defendants and their managing agents consented to, ratified, encouraged, directed and approved of the acts of the employees, agents, managing agents, principals, and other Defendants in failing to ensure that these dangerous products did not injure further persons such as Plaintiff. Therefore, Plaintiff is also entitled to punitive damages in an amount sufficient to punish Defendants and deter others from similar conduct.

7

COMPLAINT FOR DAMAGES

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

## SECOND CAUSE OF ACTION FOR NEGLIGENCE

### (By Plaintiff, Against All Defendants)

30.    Paragraphs 1-29, inclusive of this Complaint are incorporated herein as though fully set forth herein.

31.    Defendants owed a duty of reasonable care to Plaintiff to design, manufacture, sell, and/or distribute the Blender, as described above, in a condition that was safe for its intended purpose. Defendants' duty includes a duty to ensure that the Blender did not cause users to suffer injury from intended use. Defendants failed to exercise ordinary care in the manufacture, design, sale, testing, quality assurance, quality control, marketing, and/or distribution of the Blender in that Defendants knew or should have known that the defective Blender created a risk of failure that could result in painful and debilitating injury.

32.    Defendants breached their duty to Plaintiff in the testing, design, manufacture, packaging, warning, advertising, promotion, distribution, and sale of the Blender in that Defendants failed to use ordinary care in designing and manufacturing the Blender so as to avoid the manufacturing and design defects that caused the Blender to injure Plaintiff.

33.    Defendants also breached their duty to Plaintiff by failing to properly design, manufacture, inspect, and/or prepare the Blender.

34.    Although Defendants knew or should have known since long before January 25, 2020, that the Blender was defective and could fail, Defendants failed to properly warn consumers and the public of said risk. Defendants knew or reasonably should have known that the Blender was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner. Defendants knew or reasonably should have known that users would not realize the danger and Defendants failed to adequately warn of the danger. A reasonable manufacturer, distributor, and/or seller under the same or similar circumstances would have warned of the danger. As a result of the negligent failure to warn, Plaintiff was harmed and Defendants' failure to warn was a substantial factor in causing Plaintiff's harm.

35.    Defendants knew or should have known that consumers such as Plaintiff risked injury as a result of Defendants' failure to exercise ordinary care as described above.

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

36.    Defendants knew or should have known of the Blender's defective nature, as set forth herein, but continued to manufacture, design, market, and sell the Blender so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff, in conscious or reckless disregard of the foreseeable harm caused by the defective Blender.

37.    Alternatively, Plaintiff alleges that Defendants were negligent because they failed to recall and/or retrofit the Blender so that the coupler shaft would not spin unless the Blender jar was securely attached to the Blender base.   Plaintiff is informed and believes that prior to January 25, 2020, Defendants knew or should have known of the potential for injury from contact with the spinning coupler shaft and should have therefore recalled the product.  Furthermore, Defendants knew or reasonably should have known that the Blender was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner.  Defendants became aware of this defect after the Blender was sold.  Defendants failed to recall and/or retrofit the Blender as a reasonable manufacturer, distributor, or seller under the same or similar circumstances would have done.  As a result of Defendants' failure to recall and/or retrofit the Blender, Plaintiff was able to purchase and use the Blender, which proximately caused her to suffer injury as described herein.

38.    As a direct, proximate, and legal result of Defendants' negligence as described herein, Plaintiff suffered debilitating injury to her right hand and fingers from direct contact with the spinning coupler shaft.  As a result, Plaintiff has suffered from past, and will suffer from future, general damages including but not limited to, physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, discomfort, inconvenience, anxiety, diminished capacity to perform activities of daily life, and emotional distress, all in an amount to be proven at trial.

39.    As a further direct, proximate, and legal result of Defendants' negligence as described herein, Plaintiff has and will in the future incur special damages, including but not limited to, medical expenses and other pecuniary damages in an amount to be ascertained at the time of trial.

40.    Further, all Defendants, and each of them, acted with malice, fraud and/or oppression in allowing the Blender to continue to be manufactured, marketed, and distributed as of January 25, 2020, in a known dangerous condition.  In particular, manufacturers of blenders similar

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

1  to the Blender, in size, cost, and intended use, were, as of January 25, 2020, were including safety

2  features into their blenders that prohibit the movement of any external parts that can cause injury,

3  unless the blender jar/cup is secured to the blender base, and thus, no risk of direct contact with the

4  external rotating parts.  This safety feature has been added to blenders as a result of the known risk

5  of injury from contact with moving external parts.   However, these Defendants failed to take

6  responsibility and issue voluntary recalls that would have prevented the Blender from being sold to

7  Plaintiff and other similarly situated persons.

8       41.    Thus, these Defendants and their principals and managing agents had actual

9  knowledge of the substantial danger of their products and failed to take any measures to ensure that

10  their products did not unnecessarily cause injury to additional persons, placing their potential profits

11  over the safety and interests of the public.  The Defendants and their managing agents consented to,

12  ratified, encouraged, directed and approved of the acts of the employees, agents, managing agents,

13  principals, and other Defendants in failing to ensure that these dangerous products did not injure

14  further persons such as Plaintiff.  Therefore, Plaintiff is also entitled to punitive damages in an

15  amount sufficient to punish Defendants and deter others from similar conduct.

16              **THIRD CAUSE OF ACTION FOR BREACH OF WARRANTY**

17                         **(By Plaintiff, Against All Defendants)**

18       42.    Paragraphs 1-41, inclusive of this Complaint are incorporated herein as though fully

19  set forth herein.

20       43.    Plaintiff contends that she was harmed by the Blender because it did not have the

21  quality that a buyer would expect and/or that it was not suitable for its intended purpose.

22       44.    Defendants impliedly warranted that they would sell and deliver a blender that was

23  fit for the particular purpose for which it was intended.  Defendants also knew that Plaintiff intended

24  to use the Blender for the particular purpose of intended use.

25       45.    Plaintiff relied upon Defendants' skill and/or judgment in furnishing a suitable

26  blender.

27  ///

28  ///

COMPLAINT FOR DAMAGES

46.     By selling and delivering a defective blender, Defendants breached the implied warranties of merchantability and fitness in that the defective Blender presented an unreasonable risk of injury resulting in pain, discomfort, anxiety, emotional distress, and partial disability.

47.     As a direct, proximate, and legal result of Defendants' breach of warranty as described herein, Plaintiff suffered debilitating injury to her right hand and fingers from direct contact with the spinning coupler shaft. As a result, Plaintiff has suffered from past, and will suffer from future, general damages including but not limited to, physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, discomfort, inconvenience, anxiety, diminished capacity to perform activities of daily life, and emotional distress, all in an amount to be proven at trial.

48.     As a further direct, proximate, and legal result of Defendants' breach of warranty as described herein, Plaintiff has and will in the future incur special damages, including but not limited to, medical expenses and other pecuniary damages in an amount to be ascertained at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KELLY TATUM, prays for judgment against all DEFENDANTS, and each of them, as follows:

AS TO ALL CAUSES OF ACTION

1.     For past and future general damages, according to proof;

2.     For past and future special damages, according to proof;

3.     For all other past and future compensatory damages, according to proof;

4.     For prejudgment interest, according to proof;

5.     For costs of suit incurred herein;

6.     For such other and further relief as the Court deems just and proper; and

///

///

///

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

COMPLAINT FOR DAMAGES

AS TO THE FIRST AND SECOND CAUSES OF ACTION

7.      For punitive damages according to proof.


DATED:  March 17, 2022                    HINMAN LAW GROUP, P.C.



                                          By:  _____
                                               JOHN S. HINMAN
                                               SETH E. WORKMAN
                                               Attorneys for Plaintiff, KELLY TATUM




## DEMAND FOR JURY TRIAL

Plaintiff, KELLY TATUM, hereby demands trial by jury.


DATED:  March 17, 2022                    HINMAN LAW GROUP, P.C.



                                          By:  _____
                                               JOHN S. HINMAN
                                               SETH E. WORKMAN
                                               Attorneys for Plaintiff, KELLY TATUM

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

12

**ATTACHMENT CV-5012** de Alfaro

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA  95113*

CASE NUMBER: 22CV395992 _____

> ## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

_DEFENDANT_ (The person sued):  **You must do each of the following to protect your rights:**

1.  You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2.  You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3.  You must attend the first Case Management Conference.

    **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.*  You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: Manoukian, Socrates P _____  Department: 20 _____

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: 08/09/22 _____  Time: 3:00 PM _____  in Department: 20 _____

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____  Time: _____  in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>SUNBEAM PRODUCTS, INC., a Delaware corporation; NEWELL BRANDS, INC., a Delaware corporation; BED BATH & BEYOND, INC., a New York corporation; and DOES 1-25;<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>KELLY TATUM | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>3/17/2022 8:55 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>22CV395992<br>Reviewed By: P. Newton<br>Envelope: 8539503 |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT COUNTY OF SANTA CLARA<br>DOWNTOWN SUPERIOR COURT, 191 N. First Street, San Jose, CA 95113 | CASE NUMBER: *(Número del Caso):*<br><br>22CV395992 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Seth Workman, HINMAN LAW GROUP, 2201 N. Lakewood Blvd., Suite D1863, Long Beach, CA 90815; (562) 269-4713

| DATE:<br>*(Fecha)* | 3/17/2022 8:55 PM | Clerk of Court | Clerk, by<br>*(Secretario)* | P. Newton | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### *What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### *What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### *What are the main forms of ADR offered by the Court?*
 **Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

***What kind of disputes can be resolved by ADR?***
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

***Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?***

***Contact:***
Santa Clara County Superior Court
ADR Administrator
408-882-2530

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Seth E. Workman (SBN 289213)<br>HINMAN LAW GROUP<br>2201 N. Lakewood Blvd., Suite D1863<br>Long Beach, CA 90802<br>TELEPHONE NO.: (562) 269-4713    FAX NO.: (562) 362-6512<br>ATTORNEY FOR *(Name):* Plaintiff, KELLY TATUM | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 3/17/2022 8:55 PM<br>Reviewed By: P. Newton<br>Case #22CV395992<br>Envelope: 8539503** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Tatum v. Sunbeam Products, Inc., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: 22CV395992 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☑ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* (1) Strict Products Liability; (2) Negligence; (3) Breach of Warranty
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 17, 2022

Seth E. Workman
(TYPE OR PRINT NAME)

► *(signature)*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

E-FILED
3/17/2022 8:55 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV395992
Reviewed By: P. Newton

1 | LAW OFFICES OF JOSEPH POURSHALIMY, PC
JOSEPH POURSHALIMY, State Bar No. 266164
2 | joe@pourshalimy.com
LAURA M. AMES, State Bar No. 298960
3 | laura@lojp.net
1429 Westwood Boulevard
4 | Los Angeles, CA 90024
Telephone:    (800) 442-0996
5 | Facsimile:    (310) 878-2042

6 | HINMAN LAW GROUP, P.C.
JOHN S. HINMAN, State Bar No. 265581
7 | john@hinmanlawgroup.com
SETH E. WORKMAN, State Bar No. 289213
8 | seth@hinmanlawgroup.com
2201 N. Lakewood Blvd., Suite D1863
9 | Long Beach, California 90815
Telephone:    (562) 269-4713
10 | Facsimile:    (562) 362-6512

11 | Attorneys for Plaintiff, KELLY TATUM

12

13 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14 | **COUNTY OF SANTA CLARA – DOWNTOWN SUPERIOR COURT**

15 |                                                    22CV395992

16 | KELLY TATUM                          Case No.:

17 |                    Plaintiff,

18 |          v.                          **COMPLAINT FOR DAMAGES**
                                          **1. STRICT PRODUCTS LIABILITY**
19 | SUNBEAM PRODUCTS, INC., a Delaware    **2. NEGLIGENCE**
corporation; NEWELL BRANDS, INC., a      **3. BREACH OF WARRANTY**
20 | Delaware corporation; BED BATH &
21 | BEYOND, INC., a New York corporation; and   **DEMAND FOR JURY TRIAL**
DOES 1-25;
22
23 |                    Defendant(s).

24

25 |          COMES NOW Plaintiff, KELLY TATUM and alleges as follows:

26 |                                **PARTIES**

27 |          1.      Plaintiff, KELLY TATUM (hereinafter "TATUM"), is an adult who, and at all times

28 | relevant to this action was, a resident of the County of Santa Clara, State of California.

1
COMPLAINT FOR DAMAGES

2.      Defendant, SUNBEAM PRODUCTS, INC. (hereinafter "SUNBEAM"), is and at all relevant times was, an entity incorporated in the State of Delaware, with its principal place of business in Florida, and registered to do business in the State of California.

3.      Defendant, NEWELL BRANDS, INC. (hereinafter "NEWELL"), is and at all relevant times was, an entity incorporated in the State of Delaware, with its principal place of business in Georgia, and registered to do business in the State of California, and was and is the parent corporation of SUNBEAM.

4.      Defendants, SUNBEAM and NEWELL, either directly or through their subsidiaries, held themselves out as companies experienced and capable in the design, manufacture, fabrication, assembly and distribution of electric blenders, including the Oster Master Series Blender, which are marketed for use in the home by consumers in California and throughout the world.

5.      Defendant, BED BATH & BEYOND, INC. (hereinafter "BB&B"), is and at all relevant times was, an entity incorporated in the State of New York, with its principal place of business in New Jersey, and registered to do business in the State of California, and took part in the distribution, sale, and marketing of the Oster Master Series Blender which forms the basis of this action.

6.      The true names, identities, or capacities, whether individual, associate, corporate, or otherwise of Defendants, DOES 1-25, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  When the true names, identities, or capacities of such fictitiously designated Defendants are ascertained, Plaintiff will seek leave of the Court to assert the true names, identities, and capacities in the place of the fictitious names.

7.      Plaintiff is informed, believes and alleges, that each of the Defendants designated herein as DOE is responsible, in some manner, for the events and happenings herein referred to, thereby proximately causing the injuries and damages to Plaintiff as hereinafter alleged.

8.      At all times mentioned herein, Defendants and each of them, were the agents, servants, employees, employers, joint venturers, contractors, contractees, partners, division owners, and/or subsidiaries of each other and of their Co-Defendants, and were acting within the course and scope of their agency, servitude, employment, joint venture, contract, ownership, and/or subsidiary.

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

2

1   Each Defendant, including DOES 1-25, inclusive, consented, influenced, ratified, permitted,

2   encouraged, directed, and/or approved the acts of each other Defendant sued herein.  Moreover,

3   Defendants and each of them, are jointly and severally liable for the wrongful conduct alleged in

4   this matter.

5          9.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant to

6   the Complaint, each Defendant, including Defendants designated as DOES 1-25, inclusive, was

7   completely dominated and controlled by his/her/its Co-Defendants and was the alter ego and/or alias

8   of the other as to all events relevant to the Complaint.

9         10.   At all times mentioned herein, Defendants and each of them, received a direct

10  financial benefit from its activities and from the sale of the product at issue in this matter,

11  Defendants' role was integral to its business enterprise (i.e., Defendants' conduct was a necessary

12  factor in bringing the product to the initial consumer market), and Defendants had control over, or

13  a substantial ability to influence, the manufacturing or distribution process.  Accordingly,

14  Defendants and each of them, were an integral part of the overall producing and marketing

15  enterprise, and should bear the costs of injuries arising from the defective product at issue.

16                                   **VENUE**

17        11.   Venue is proper in the Superior Court of the State of California – County of

18  Santa Clara as the acts giving rise to the Complaint occurred in the City of Cupertino in the County

19  of Santa Clara and of which Plaintiff is a resident.

20                          **FACTUAL ALLEGATIONS**

21        12.   On January 25, 2020, Plaintiff purchased an Oster Duralast Master blender

22  (hereinafter "Blender") from Defendant, BB&B, store number 1121 in Campbell, California.

23  Plaintiff subsequently took possession of the Blender for personal use in her residence.

24        13.   On April 28, 2020, Plaintiff was using the Blender for its intended purpose, to make

25  a smoothie.  Consistent with the Blender's owner's manual, Plaintiff ensured that the jar and blade

26  assembly were properly secured into the Blender base unit and placed the lid on the jar.  Plaintiff

27  also placed her left hand on top of the jar with lid to further secure the jar to the Blender base unit

28  and turned the Blender on.  As the Blender base unit motor was engaged, the jar became dislodged

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

1   from the Blender base unit and Plaintiff's right hand went down onto the Blender base unit in direct

2   contact with the metal post ("coupler shaft") extending out of the Blender base unit that is

3   responsible for spinning the blades within the Blender jar.

4         14.    At the time that the Blender jar became dislodged from the Blender base unit, the

5   base unit motor continued to operate causing the coupler shaft to continue spinning at a high rate of

6   speed, which caused significant injuries to Plaintiff's right hand and fingers.

7         15.    In summary, the Blender's coupler shaft is exposed when the Blender jar is removed

8   and can rotate at a high rate of speed without the Blender jar being secured to the Blender.  This

9   presents a safety hazard, as users of the Blender may have direct contact with the rotating coupler

10  shaft.  The Blender is not equipped with safeguards that prevent the coupler shaft from rotating at a

11  high rate of speed when it is not attached to and engaging the blades with the Blender jar secured to

12  the Blender base.   Other blender manufacturers have implemented mechanisms that require the

13  blender jar to be secured in a locked position before power is supplied to the motor rotating the

14  coupler shaft and blades.  Had this safety feature been implemented in the design of the Blender,

15  and/or appropriate warnings provided, Plaintiff would not have been injured by the Blender.

16                **FIRST CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY**

17                          **(By Plaintiff, Against All Defendants)**

18        16.    Paragraphs 1-15, inclusive of this Complaint are incorporated herein as though fully

19  set forth herein.

20        **Manufacturing Defect**

21        17.    Based on information and belief, the Blender contained a manufacturing defect.

22  Defendants manufactured, distributed, and sold the Blender in California.  The product contained a

23  manufacturing defect when it left the Defendants' possession.  The product caused harm to Plaintiff

24  as a result of the manufacturing defect by injuring Plaintiff's right hand as set forth above and

25  thereby necessitated medical care and treatment.  Plaintiff claims that the products manufacturing

26  defect was a substantial factor, and the only factor, in causing Plaintiff's harm as stated herein.

27  ///

28  ///

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

4

**Design Defect**

      **A.**    **Consumer Expectation Test**

18.   The product's design was defective because the product did not perform as safely as an ordinary consumer would have expected it to perform. Specifically, Plaintiff, who was an ordinary consumer, formed a reasonable minimum safety expectation that the Blender manufactured, produced, and/or distributed by Defendants would not cause injury as a result of contact with the coupler shaft when being used as intended, and require medical treatment.

19.   Plaintiff further alleges that Defendants manufactured, distributed, and sold the defective product within California. Plaintiff alleges that the product did not perform as safely as an ordinary consumer would have expected it to perform when used in the manner intended by the manufacturer. Plaintiff was harmed by the defective design of the product when caused her serious injury due to its coupler shaft operating at a high speed when exposed. The product's failure to perform safely was a substantial factor, and the only factor, in causing Plaintiff's harm as stated herein.

20.   At all times mentioned herein, Defendants and each of them, manufactured, distributed, and/or sold the Blender in a defective condition, Plaintiff used the Blender in the manner intended, and Plaintiff was injured as a result of a defect in the design of the Blender; including but not limited to, lack of a safety feature to prevent the Blander base unit motor from running, and thus spinning the coupler shaft at a high rate of speed, when the Blender jar is not fully seated into the Blender base unit. Moreover, the Blender reached Plaintiff, and was used by Plaintiff at the time of her injury, without substantial change in its condition. Plaintiff was injured as a direct result of the defect, of which Plaintiff was not aware, making the Blender unsafe for its intended use.

21.   Upon information and belief, the type of safety feature discussed herein, and missing from the Blender, are commonly used in other blenders and similar products. The implementation of such safety features significantly reduces the risk of harm to persons such Plaintiff when using devices with external rotating pieces, and if installed on this Blender, would have prevented Plaintiff from being injured in the manner that she was.

///

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713  Fax: 562.362.6512

5

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713  Fax: 562.362.6512

**B.      Risk- Benefit Test**

22.      The product's design caused harm to Plaintiff. Plaintiff alleges that Defendants manufactured, distributed, and sold the subject product in California. Plaintiff was harmed by the product as a result of its design permitting the coupler shaft to spin at a high rate of speed when the Blender jar is not attached.  Plaintiff alleges that the products design was a substantial factor, and the only factor, in causing his harm as stated herein.

23.      Plaintiff further alleges that the risk of injury resulting from direct contact with the spinning coupler shaft significantly outweighed any benefit of allowing the coupler shaft to spin while the Blender jar is not secured.

**Failure to Warn**

24.      Based on information and belief, the Blender lacked sufficient warning of its potential risk of injury from direct contact with the spinning coupler shaft when the Blender jar is not secured.  Plaintiff alleges that the Blender had a potential risk of injury as a result of direct contact with the spinning coupler shaft that was known and/or knowable by the use of scientific knowledge available at the time of the manufacture, distribution, and/or sale.  Plaintiff further alleges that the potential risk of injury resulting from direct contact with the spinning coupler shaft presented a substantial danger to users of the Blender and that ordinary consumers could not have recognized that risk and danger.  Plaintiff further alleges that Defendants failed to adequately warn of the potential risk of the coupler shaft spinning without the Blender jar secured to the Blender base.  Furthermore, as Plaintiff was using the Blender in a way that was reasonably foreseeable to Defendants, Plaintiff was harmed and the lack of sufficient warning was a substantial factor in causing Plaintiff's harm.

25.      At all times mentioned herein, Defendants and each of them, knew or should have known of the dangerous nature of the Blender and failed to provide adequate warning of the dangerous condition.  There are no warnings on the Blender, Blender accessories, or in the owners' manual informing users such as Plaintiff that the Blender motor will continue to run and the coupler shaft will spin at a high rate of speed without the Blender jar connected.

///

COMPLAINT FOR DAMAGES

26.     As a direct, proximate, and legal result of product defect as described herein, Plaintiff suffered debilitating injury to her right hand and fingers as a result of direct contact with the coupler shaft that was spinning at a high rate of speed without the Blender jar secured to the Blender base. As a result, Plaintiff has suffered from past, and will suffer from future, general damages including but not limited to, physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, discomfort, inconvenience, anxiety, diminished capacity to perform activities of daily life, and emotional distress, all in an amount to be proven at trial.

27.     As a further direct, proximate, and legal result of the defect described herein, Plaintiff has and will in the future incur special damages, including but not limited to, medical expenses, loss of earnings, and other pecuniary damages in an amount to be ascertained at the time of trial.

28.     Further, all Defendants, and each of them, acted with malice, fraud and/or oppression in allowing the Blender to continue to be manufactured, marketed, and distributed as of January 25, 2020, in a known dangerous condition.   In particular, manufacturers of blenders similar to the Blender, in size, cost, and intended use, were, as of January 25, 2020, were including safety features into their blenders that prohibit the movement of any external parts that can cause injury, unless the blender jar/cup is secured to the blender base, and thus, no risk of direct contact with the external rotating parts.  This safety feature has been added to blenders as a result of the known risk of injury from contact with moving external parts.  However, these Defendants failed to take responsibility and issue voluntary recalls that would have prevented the Blender from being sold to Plaintiff and other similarly situated persons.

29.     Thus, these Defendants and their principals and managing agents had actual knowledge of the substantial danger of their products and failed to take any measures to ensure that their products did not unnecessarily cause injury to additional persons, placing their potential profits over the safety and interests of the public.  The Defendants and their managing agents consented to, ratified, encouraged, directed and approved of the acts of the employees, agents, managing agents, principals, and other Defendants in failing to ensure that these dangerous products did not injure further persons such as Plaintiff.  Therefore, Plaintiff is also entitled to punitive damages in an amount sufficient to punish Defendants and deter others from similar conduct.

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

COMPLAINT FOR DAMAGES

SECOND CAUSE OF ACTION FOR NEGLIGENCE

(By Plaintiff, Against All Defendants)

30.     Paragraphs 1-29, inclusive of this Complaint are incorporated herein as though fully set forth herein.

31.     Defendants owed a duty of reasonable care to Plaintiff to design, manufacture, sell, and/or distribute the Blender, as described above, in a condition that was safe for its intended purpose. Defendants' duty includes a duty to ensure that the Blender did not cause users to suffer injury from intended use. Defendants failed to exercise ordinary care in the manufacture, design, sale, testing, quality assurance, quality control, marketing, and/or distribution of the Blender in that Defendants knew or should have known that the defective Blender created a risk of failure that could result in painful and debilitating injury.

32.     Defendants breached their duty to Plaintiff in the testing, design, manufacture, packaging, warning, advertising, promotion, distribution, and sale of the Blender in that Defendants failed to use ordinary care in designing and manufacturing the Blender so as to avoid the manufacturing and design defects that caused the Blender to injure Plaintiff.

33.     Defendants also breached their duty to Plaintiff by failing to properly design, manufacture, inspect, and/or prepare the Blender.

34.     Although Defendants knew or should have known since long before January 25, 2020, that the Blender was defective and could fail, Defendants failed to properly warn consumers and the public of said risk. Defendants knew or reasonably should have known that the Blender was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner. Defendants knew or reasonably should have known that users would not realize the danger and Defendants failed to adequately warn of the danger. A reasonable manufacturer, distributor, and/or seller under the same or similar circumstances would have warned of the danger. As a result of the negligent failure to warn, Plaintiff was harmed and Defendants' failure to warn was a substantial factor in causing Plaintiff's harm.

35.     Defendants knew or should have known that consumers such as Plaintiff risked injury as a result of Defendants' failure to exercise ordinary care as described above.

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

8

36.   Defendants knew or should have known of the Blender's defective nature, as set forth herein, but continued to manufacture, design, market, and sell the Blender so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff, in conscious or reckless disregard of the foreseeable harm caused by the defective Blender.

37.   Alternatively, Plaintiff alleges that Defendants were negligent because they failed to recall and/or retrofit the Blender so that the coupler shaft would not spin unless the Blender jar was securely attached to the Blender base.   Plaintiff is informed and believes that prior to January 25, 2020, Defendants knew or should have known of the potential for injury from contact with the spinning coupler shaft and should have therefore recalled the product.   Furthermore, Defendants knew or reasonably should have known that the Blender was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner.   Defendants became aware of this defect after the Blender was sold.   Defendants failed to recall and/or retrofit the Blender as a reasonable manufacturer, distributor, or seller under the same or similar circumstances would have done.   As a result of Defendants' failure to recall and/or retrofit the Blender, Plaintiff was able to purchase and use the Blender, which proximately caused her to suffer injury as described herein.

38.   As a direct, proximate, and legal result of Defendants' negligence as described herein, Plaintiff suffered debilitating injury to her right hand and fingers from direct contact with the spinning coupler shaft.  As a result, Plaintiff has suffered from past, and will suffer from future, general damages including but not limited to, physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, discomfort, inconvenience, anxiety, diminished capacity to perform activities of daily life, and emotional distress, all in an amount to be proven at trial.

39.   As a further direct, proximate, and legal result of Defendants' negligence as described herein, Plaintiff has and will in the future incur special damages, including but not limited to, medical expenses and other pecuniary damages in an amount to be ascertained at the time of trial.

40.   Further, all Defendants, and each of them, acted with malice, fraud and/or oppression in allowing the Blender to continue to be manufactured, marketed, and distributed as of January 25, 2020, in a known dangerous condition.  In particular, manufacturers of blenders similar

9

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713    Fax: 562.362.6512

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

1   to the Blender, in size, cost, and intended use, were, as of January 25, 2020, were including safety

2   features into their blenders that prohibit the movement of any external parts that can cause injury,

3   unless the blender jar/cup is secured to the blender base, and thus, no risk of direct contact with the

4   external rotating parts.  This safety feature has been added to blenders as a result of the known risk

5   of injury from contact with moving external parts.  However, these Defendants failed to take

6   responsibility and issue voluntary recalls that would have prevented the Blender from being sold to

7   Plaintiff and other similarly situated persons.

8        41.     Thus, these Defendants and their principals and managing agents had actual

9   knowledge of the substantial danger of their products and failed to take any measures to ensure that

10  their products did not unnecessarily cause injury to additional persons, placing their potential profits

11  over the safety and interests of the public.  The Defendants and their managing agents consented to,

12  ratified, encouraged, directed and approved of the acts of the employees, agents, managing agents,

13  principals, and other Defendants in failing to ensure that these dangerous products did not injure

14  further persons such as Plaintiff.  Therefore, Plaintiff is also entitled to punitive damages in an

15  amount sufficient to punish Defendants and deter others from similar conduct.

16  ### THIRD CAUSE OF ACTION FOR BREACH OF WARRANTY

17  ### (By Plaintiff, Against All Defendants)

18       42.     Paragraphs 1-41, inclusive of this Complaint are incorporated herein as though fully

19  set forth herein.

20       43.     Plaintiff contends that she was harmed by the Blender because it did not have the

21  quality that a buyer would expect and/or that it was not suitable for its intended purpose.

22       44.     Defendants impliedly warranted that they would sell and deliver a blender that was

23  fit for the particular purpose for which it was intended.  Defendants also knew that Plaintiff intended

24  to use the Blender for the particular purpose of intended use.

25       45.     Plaintiff relied upon Defendants' skill and/or judgment in furnishing a suitable

26  blender.

27  ///

28  ///

10

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

46.     By selling and delivering a defective blender, Defendants breached the implied warranties of merchantability and fitness in that the defective Blender presented an unreasonable risk of injury resulting in pain, discomfort, anxiety, emotional distress, and partial disability.

47.     As a direct, proximate, and legal result of Defendants' breach of warranty as described herein, Plaintiff suffered debilitating injury to her right hand and fingers from direct contact with the spinning coupler shaft. As a result, Plaintiff has suffered from past, and will suffer from future, general damages including but not limited to, physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, discomfort, inconvenience, anxiety, diminished capacity to perform activities of daily life, and emotional distress, all in an amount to be proven at trial.

48.     As a further direct, proximate, and legal result of Defendants' breach of warranty as described herein, Plaintiff has and will in the future incur special damages, including but not limited to, medical expenses and other pecuniary damages in an amount to be ascertained at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KELLY TATUM, prays for judgment against all DEFENDANTS, and each of them, as follows:

AS TO ALL CAUSES OF ACTION

1.     For past and future general damages, according to proof;

2.     For past and future special damages, according to proof;

3.     For all other past and future compensatory damages, according to proof;

4.     For prejudgment interest, according to proof;

5.     For costs of suit incurred herein;

6.     For such other and further relief as the Court deems just and proper; and

///
///
///

1    AS TO THE FIRST AND SECOND CAUSES OF ACTION

2        7.      For punitive damages according to proof.

3

4    DATED:  March 17, 2022              HINMAN LAW GROUP, P.C.

5

6                                        By: _____

7                                        JOHN S. HINMAN

8                                        SETH E. WORKMAN
                                         Attorneys for Plaintiff, KELLY TATUM

9

10

11

12                              **DEMAND FOR JURY TRIAL**

13       Plaintiff, KELLY TATUM, hereby demands trial by jury.

14

15   DATED:  March 17, 2022              HINMAN LAW GROUP, P.C.

16

17                                        By: _____

18                                        JOHN S. HINMAN

19                                        SETH E. WORKMAN
                                          Attorneys for Plaintiff, KELLY TATUM

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

HINMAN LAW GROUP, P.C.
2201 N. Lakewood Blvd., Suite D1863
Long Beach, California, 90815
Phone: 562.269.4713   Fax: 562.362.6512

22CV395992
Santa Clara – Civil

**ATTACHMENT CV-5012** Leslie Alfaro

# CIVIL LAWSUIT NOTICE

***Superior Court of California, County of Santa Clara***
***191 North First St., San José, CA  95113***

CASE NUMBER: _____

22CV395992

---

### PLEASE READ THIS ENTIRE FORM

---

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

**DEFENDANT** (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

***You or your attorney must appear at the CMC.***  You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: Manoukian, Socrates P _____   Department: **20** _____

The 1st CMC is scheduled for:  (Completed by Clerk of Court)
Date: 08/09/22 _____ Time: 3:00 PM _____ in Department: 20 _____

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)
Date: _____ Time: _____ in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---